**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHERRY SHEPARD, AS NEXT AND
BEST FRIEND OF J.S., A MINOR**                                            **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO. 4:17-CV-00091-DMB-JMV**

**THE CLEVELAND SCHOOL DISTRICT,
STEVEN CRADDOCK, in his individual capacity,
DR. JACQUELYN THIGPEN, in her individual
and official capacity**                                     **DEFENDANTS**

---

**AFFIRMATIVE DEFENSES AND ANSWER OF THE CLEVELAND SCHOOL DISTRICT**

---

Defendant Cleveland School District (or the "District") responds to the Plaintiff's Complaint filed against it as follows:

**FIRST DEFENSE**

Defendant specifically asserts and invokes all the privileges available to it as set forth in *Fed. R. Civ. P.* 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state facts against the District which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States. In fact, Plaintiff's Complaint fails to state a claim for discrimination, period.

**THIRD DEFENSE**

Insofar as any state law claims are concerned, the District invokes each and every restriction, limitation, requirement, privilege and immunity of the Mississippi Tort Claims Act, *Miss. Code Ann.* § 11-46-1, et seq.

**FOURTH DEFENSE**

Defendant denies that it is guilty of any actionable conduct.

**FIFTH DEFENSE**

Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**SIXTH DEFENSE**

Defendant alleges that they met or exceeded the requirements of law and due care and is guilty of no acts or omissions which either caused or contributed to the incident in question.

**SEVENTH DEFENSE**

Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, judicial estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or is generally estopped from bringing these claims.

**EIGHTH DEFENSE**

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann.* § 11-46-15, insofar as any state law claims are concerned. Additionally, Defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

2

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against Defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to this Defendant by reason of the fact that any duty on the part of this Defendant involved the use of discretion, and at no time did the District or its employees substantially exceed their authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of

3

authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## TENTH DEFENSE

At no time did the District breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks to impose individual liability under state law, the provisions of *Miss. Code Ann.* §§11-46-5 and §11-46-7 (1999), are hereby invoked, prohibiting individual liability under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9(1) (Supp. 1997), et seq. To the extent Plaintiff seeks to impose individual liability against any of these Defendants under state law outside the scope of the Mississippi Tort Claims Act, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, by laches, waiver and estoppel. Accordingly, the District moves for a dismissal of any claims alleging individual liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

## TWELFTH DEFENSE

Defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim against the District upon which relief may be granted under Monell v. Dept. of Social Services, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

4

**FOURTEENTH DEFENSE**

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondiat superior* and are barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the District that was the moving force behind the alleged injuries of Plaintiff.

**FIFTEENTH DEFENSE**

Plaintiff fails to allege a violation of any legal duty owed to her by any Defendant.

**SIXTEENTH DEFENSE**

Defendant had a legitimate, non-discriminatory valedictorian policy which was race neutral and applied in a racially neutral manner. The policy was that the student who had the highest grade point average as a graduating senior would be the valedictorian. If there was a tie for the highest grade point average, the students with identical grade point averages would share the honor of valedictorian. In this case, there was such a tie and J.S. and H.B. shared the honor.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to allege she was treated differently or less favorably than other students similarly situated and such is fatal to his claim for discrimination. Plaintiff J.S. had an identical grade point average to H.B. and shared the valedictorian honor with H.B. pursuant to board policy.

**EIGHTEENTH DEFENSE**

Defendants did not engage in any conduct that gave rise to an inference of discrimination against Plaintiff as protected by state or federal law.

5

## NINETEENTH DEFENSE

To the extent the Plaintiff has failed to exhaust her administrative remedies with respect to any cause of action, those claims are procedurally barred. Specifically, Plaintiff failed to appeal under M.C.A. §11-51-75 and/or § 37-7-15.

## TWENTIETH DEFENSE

The District is immune from punitive damages under federal law, including 42 U.S.C. § 1983, and other applicable statutes. Miss. Code Ann. § 11-46-11, *et seq.*, bars punitive damages under state law. Alternatively, any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTIETH-FIRST DEFENSE

The conduct of the District was not the proximate cause of the alleged violations of the Plaintiff's constitutional rights or any alleged damages whether alleged under state or federal law.

## TWENTIETH-SECOND DEFENSE

While denying that the District took any action against the Plaintiff for which it may be liable, the District expressly pleads that each and every action taken by it with respect to the Plaintiff was taken in good faith and for legitimate reasons. Alternatively, the District is protected by immunities afforded it under the *Parrat* and *Hudson* Doctrines/Rules.

## TWENTIETH-THIRD DEFENSE

The District denies each and every material allegation by which the Plaintiff seeks to impose liability upon the District in any manner.

6

### TWENTIETH-FOURTH DEFENSE

To the extent the Plaintiff has failed to exhaust the due-process policies and procedures/administrative remedies of the Cleveland School District, she is estopped and barred from proceeding in this case.

### TWENTIETH-FIFTH DEFENSE

To the extent the Plaintiff alleges claims under state law she has failed to properly provide notice of her state law claims under Miss. Code Ann. § 11-46-11; therefore, those claims should be dismissed. To the extent the Plaintiff alleges claims under state law her claims are barred or limited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23. The District is entitled to all protections, defenses, and immunities of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23. Discretionary actions of the District and its employees are immune from liability under Miss. Code Ann. § 11-46-9.

### TWENTIETH-SIXTH DEFENSE

The District would show that any and all damages sustained by the Plaintiff, all being strictly denied, were directly and proximately caused in whole or in part by acts or omissions of the Plaintiff or persons or entities for which the District is neither responsible nor liable herein.

### TWENTIETH-SEVENTH DEFENSE

To the extent the Plaintiff alleges claims under state law she is not entitled to a jury trial on state law claims pursuant to Miss. Code Ann. § 11-46-13.

### TWENTIETH-EIGHTH DEFENSE

The Plaintiff states no claim upon which punitive damages would be recoverable under any state or federal law or the United States Constitution. Nevertheless, at all times, the District exercised good-faith efforts to comply with applicable laws. All conduct alleged to be violative

of applicable statutes would be contrary to the District's efforts and established policies of the Cleveland School District and cannot serve to impose punitive liability on the District.

## TWENTIETH-NINTH DEFENSE

The actions of the District have never involved deliberate indifference, actual malice, or gross negligence which evidences a willful, wanton or reckless disregard of any constitutional rights of the Plaintiff.

## THIRTIETH DEFENSE

Because discovery is ongoing, the District reserves the right to assert any additional affirmative defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

## THIRTY-FIRST DEFENSE

The District invokes all defenses to which it is entitled, pursuant to the applicable policies, standards, regulations, laws, statutes, and authorities.

## THIRTY-SECOND DEFENSE

To the extent the Plaintiff has failed to fully mitigate her claimed damages, the entitlement to which is denied, those damages should be denied.

## THIRTY-THIRD DEFENSE

The Plaintiff's claims are barred to the extent the alleged damages, the existence of which are denied, were caused or contributed to by intervening intentional acts of third parties.

## THIRTY-FOURTH DEFENSE

With all facts not being fully developed, the District pleads all defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure.

8

### THIRTY-FIFTH DEFENSE

Any allegation of the Complaint not specifically admitted is hereby denied. The District further denies the Plaintiff is entitled to any relief in the matter.

### THIRTY-SIXTH DEFENSE

The conduct of the District was not the proximate cause of the Plaintiff's alleged damages.

### THIRTY-SEVENTH DEFENSE

Plaintiff has failed to plead an official District policy, statute, ordinance, regulation, usage or custom which caused a deprivation of Plaintiff's rights.

### THIRTY-EIGHTH DEFENSE

Plaintiff has failed to allege a policy maker, an official policy and a violation of constitutional rights whose moving force is the policy or custom.

### THIRTY-NINTH DEFENSE

Plaintiff fails to allege any specific facts that any employee of the District intentionally discriminated against the Plaintiff based on her race. Plaintiff wholly fails to allege an equal protection violation based on her race. Plaintiff fails to point to any policy or custom and its relationship to the underlying alleged constitutional violation.

### FORTIETH DEFENSE

Plaintiff's allegations are vague and conclusory.

### FORTY-FIRST DEFENSE

Plaintiff fails to state a claim for damages.

**FORTY-SECOND DEFENSE**

Sherry Shepard, "as next and best friend of J.S., a minor", fails to meet the standing requirements of Fed. R. Civ. P. 17 and Miss. R. Civ. P. 17, because J.S. was nineteen years old when the Complaint was filed on June 27, 2017. She was eighteen years old at the time of the alleged injury of May 2016. J.S. has a date of birth of November 15, 1997.

**FORTY-THIRD DEFENSE**

Sherry Shepard, "as next and best friend of J.S., a minor", fails to meet the standing requirements of Fed. R. Civ. P. 17 and Miss. R. Civ. P. 17. To meet standing requirements "[a] plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redress by the requested plaintiff."[1] "[A] plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute . . .."[2] Because the alleged incident allegedly caused "personal injury" to J.S. only, there is no claim for which Sherry Shepard has standing. The District respectfully moves to dismiss under Fed. R. Civ. Proc. 12(b)(6) and 12(c).

Without waiving any of the defenses set out above, the District responds to the Plaintiff's Complaint, paragraph-by-paragraph, as follows:

**ANSWER**

1.    The allegations of paragraph 1 do not call for a response from the District. However, to the extent the allegations of paragraph 1 seek to impose liability on the District, those allegations are denied.

2.    The District admits this Court has jurisdiction over Plaintiff's claims and venue is proper.

---

[1] *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added).

[2] *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

3.      The District admits J.S. earned the honor of co-valedictorian along with student H.B. for the 2016-17 school year.  All other allegations of paragraph 3 are denied.

4.      Dr. Thigpen's address is incorrectly stated in paragraph 5, the other allegations are admitted.

5.      The allegations of paragraph 5 do not call for a response from the District.

6.      The allegations of paragraph 6 do not call for a response from the District.

7.      The allegations of paragraph 7 are denied.

8.      The District admits the honor of co-valedictorian was awarded to students J.S. and H.B. for the 2016-17 school year, all other allegations are denied.

9.      The allegations in paragraph 9 are denied.

10.     The allegations in paragraph 10 are denied.

11.     The allegations in paragraph 11 are denied. The District has had multiple non-white valedictorians prior to 2016.

12.     It is admitted Sherry Shepard lodged a complaint with the District regarding the award of co-valedictorian honors, all other allegations are denied.

13.     The allegations in Paragraph 13 are denied.

14.     The allegations in Paragraph 14 are denied.

15.     The allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 are denied.

The District denies the allegations of the final unnumbered paragraph beginning, "WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS," and all subparts therein. The District specifically denies the Plaintiff is entitled to relief in any form or amount from Dr. Thigpen.

**RESPECTFULLY SUBMITTED** this 21st day of September, 2017.

JACKS | GRIFFITH | LUCIANO, P.A.

By:   */s/ Jamie F. Jacks*
        JAMIE F. JACKS
        P. O. Box 1209
        Cleveland, Mississippi 38732
        Telephone: (662) 843-6171
        Facsimile: (662) 843-6176
        MS Bar No. 101881

## <u>CERTIFICATE OF SERVICE</u>

I, Jamie F. Jacks, attorney for Defendant Cleveland School District, do hereby certify that the foregoing AFFIRMATIVE DEFENSES AND ANSWER OF THE CLEVELAND SCHOOL DISTRICT has been filed with the Clerk of this Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

This, the 21st day of September, 2017.

_/s/ Jamie F. Jacks_____
JAMIE F. JACKS

13