**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JASMINE SHEPARD**                                                                    **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 4:17-CV-00091-DMB-JMV**

**THE CLEVELAND SCHOOL DISTRICT,**
**STEVEN CRADDOCK, in his individual capacity,**
**DR. JACQUELYN THIGPEN, in her individual**
**and official capacity**                                                            **DEFENDANTS**

---

AFFIRMATIVE DEFENSES AND ANSWER OF DR. JACQUELYN THIGPEN TO AMENDED COMPLAINT

---

Defendant Dr. Jacquelyn Thigpen responds to the Plaintiff's Complaint filed against her as follows:

**AFFIRMATIVE DEFENSES**

1.      The complaint fails to state a claim against Dr. Thigpen upon which relief can be granted under the laws of the United States or the State of Mississippi.  Therefore, this complaint should be dismissed.

2.      To the extent the Plaintiff has failed to exhaust her administrative remedies with respect to any cause of action, those claims are procedurally barred.

3.      Dr. Thigpen is immune from punitive damages under federal law, including 42 U.S.C. § 1983, and other applicable statutes.  Miss. Code Ann. § 11-46-11, *et seq.*, bars punitive damages under state law.  Alternatively, any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

4.      The conduct of Dr. Thigpen was not the proximate cause of the alleged violations of the Plaintiff's constitutional rights or any alleged damages whether alleged under state or federal law.

5.      While denying that Dr. Thigpen took any action against the Plaintiff for which the she may be liable, Dr. Thigpen expressly pleads that each and every action taken by her with respect to the Plaintiff was taken in good faith and for legitimate reasons.

6.      Dr. Thigpen denies each and every material allegation by which the Plaintiff seeks to impose liability upon Dr. Thigpen in any manner.

7.      To the extent the Plaintiff has failed to exhaust the due-process policies and procedures/administrative remedies of the Cleveland School District, she is estopped and barred from proceeding in this case.

8.      To the extent the Plaintiff alleges claims under state law she has failed to properly provide notice of her state law claims under Miss. Code Ann.  § 11-46-11; therefore, those claims should be dismissed.

9.      To the extent the Plaintiff alleges claims under state law her claims are barred or limited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23.  Dr. Thigpen is entitled to all protections, defenses, and immunities of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23.  Discretionary actions of Dr. Thigpen are immune from liability under Miss. Code Ann. § 11-46-9.

10.     The Plaintiff's claims may be barred by the applicable statute of limitation.

11.     Dr. Thigpen would show that any and all damages sustained by the Plaintiff, all being strictly denied, were directly and proximately caused in whole or in part by acts or omissions of the Plaintiff or persons or entities for which Dr. Thigpen is neither responsible nor liable herein.

12.     To the extent the Plaintiff alleges claims under state law she is not entitled to a jury trial on state law claims pursuant to Miss. Code Ann. § 11-46-13.

13.     The Plaintiff states no claim upon which punitive damages would be recoverable under any state or federal law or the United States Constitution.  Nevertheless, at all times Dr. Thigpen exercised good-faith efforts to comply with applicable laws.  All conduct alleged to be violative of applicable statutes would be contrary to Dr. Thigpen's efforts and established policies of the Cleveland School District and cannot serve to impose punitive liability on Dr. Thigpen.

14.     The actions of Dr. Thigpen have never involved deliberate indifference, actual malice, or gross negligence which evidences a willful, wanton or reckless disregard of any constitutional rights of the Plaintiff.

15.     Because discovery is ongoing, Dr. Thigpen reserves the right to assert any additional affirmative defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

16.     Dr. Thigpen invokes all defenses to which she is entitled, pursuant to the applicable policies, standards, regulations, laws, statutes, and authorities.

17.     To the extent the Plaintiff has failed to fully mitigate her claimed damages, the entitlement to which is denied, those damages should be denied.

18.     The Plaintiff's claims are barred to the extent the alleged damages, the existence of which are denied, were caused or contributed to by intervening intentional acts of third parties.

19.     With all facts not being fully developed, Dr. Thigpen pleads all defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure.  Rule 8 defenses include, but are not limited to, assumption of risk, contributory negligence, estoppel, illegality, laches, waiver and any other matter constituting an avoidance or affirmative defense.

20.     Any allegation of the Complaint not specifically admitted is hereby denied.  Dr. Thigpen further denies the Plaintiff is entitled to any relief in the matter.

21.     The conduct of Dr. Thigpen was not the proximate cause of the Plaintiff's alleged damages.

22.     To the extent the Plaintiff has stated claims against Dr. Thigpen in her official capacity, those claims are redundant and should be dismissed.

23.     Defendant Dr. Jacquelyn Thigpen, in her individual capacity, is immune from suit and judgment by virtue of qualified immunity.  Dr. Thigpen gives notice of her intent to file a separate motion for qualified immunity.

24.     Dr. Thigpen pleads for all costs and fees, including attorney fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to be paid by the Plaintiff, because the claims are without any basis in fact.  Under 42 U.S.C. § 1988, attorney fees are due Dr. Thigpen, because this action is frivolous, unreasonable, and/or without foundation. *Kentucky v. Graham,* 473 U.S. 159, 165, n. 9 (1985).

25.     To the extent the Plaintiff alleges claims under state law, Dr. Thigpen pleads all defenses and remedies available to her under Miss. Code Ann. § 11-55-5.

Without waiving any of the defenses set out above, Dr. Thigpen responds to the Plaintiff's Amended Complaint, paragraph-by-paragraph, as follows:

**ANSWER**

1.     The allegations of paragraph 1 do not call for a response from Dr. Thigpen.  However, to the extent the allegations of paragraph 1 seek to impose liability on Dr. Thigpen, those allegations are denied.

2.     Dr. Thigpen admits this Court has jurisdiction over Plaintiff's claims and venue is proper.

3.     Dr. Thigpen Jasmine Shepard earned the honor of co-valedictorian along with student H.B. for the 2016-17 school year.  All other allegations of paragraph 3 are denied.

4.     The allegations of paragraph 4 do not call for a response from Dr. Thigpen.

5.     The allegations of paragraph 5 do not call for a response from Dr. Thigpen.

6.      Dr. Thigpen admits service is proper as set out in paragraph 6.

7.      The allegations of paragraph 7 do not call for a response from Dr. Thigpen.

8.      Dr. Thigpen admits the honor of co-valedictorian was awarded to students Jasmine Shepard and H.B. for the 2016-17 school year.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Dr. Thigpen admits Sherry Shepard lodged a complaint with the District regarding the award of co-valedictorian honors.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18. (mis-numbered as "17")      Denied.

Dr. Thigpen denies the allegations of the final unnumbered paragraph beginning, "WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS," and all subparts therein.  Dr. Thigpen specifically denies the Plaintiff is entitled to relief in any form or amount from Dr. Thigpen.

Respectfully submitted, this 1st day of February, 2018.

**Dr. Jacquelyn Thigpen**


/s/  John S. Hooks

OF COUNSEL:

John S. Hooks
MS Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail:  John.hooks@arlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I filed electronically the foregoing with the Clerk of this Court using the CM/ECF system which will send notification of filing to all registered counsel of record.

Dated:  February 1, 2018.

/s/  John S. Hooks