**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

JASMINE SHEPARD                                                                                    PLAINTIFF

V.                                                              CAUSE NO.: 4:17-cv-00091-DMB-JMV

THE CLEVELAND SCHOOL DISTRICT,
STEVEN CRADDOCK, in his individual capacity,
DR. JACQUELYN THIGPEN, in her individual
and official capacity                                                                          DEFENDANTS

**ANSWER AND AFFIRMATIVE DEFENSES OF STEVEN CRADDOCK TO
PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC 37]**

**COMES NOW** Defendant, Steven Craddock, by counsel, and files this his Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff herein [Doc 37], as follows:

**First Affirmative Defense**

The First Amended Complaint fails to set forth a claim upon which relief can be granted. As pled, Plaintiff's cause of action and complaint necessarily requires a showing of "willful and wanton conduct" pursuant to Miss. Code Ann. § 11-46-9(1)(x) and § 37-11-57 (immunity of school personnel from liability for carrying out action in enforcing rules regarding control, discipline, suspension and expulsion of students). Additionally, Plaintiff has failed to demonstrate how Defendant failed to follow any school policies pursuant to Miss. Code Ann. § 37-11-69. Defendant respectfully moves for dismissal pursuant to Miss. R. Civ. Proc. 12(b)(6) and 12(c).

**Second Affirmative Defense**

The conduct, acts, omissions and negligence of Plaintiff or acts of third parties constituted the sole proximate cause, or proximate contributing cause, of Plaintiff's alleged injuries and any damages alleged to have resulted therefrom.

**Third Affirmative Defense**

Defendant invokes the provisions of Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1 (Supp. 2007), et seq, and respectfully prays that all discovery be stayed or limited to immunity in the alternative.

**Fourth Affirmative Defense**

Plaintiff's First Amended Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of Defendant Steven Craddock involved the use of discretion, and at no time did Defendant Steven Craddock substantially exceed his authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion. Further, at no time did Defendant Steven Craddock act outside the course and scope of his employment which would subject him to individual liability.

**Fifth Affirmative Defense**

Defendant reserves all rights arising under the provisions of Miss. Code Ann. §11-46-11 (Supp. 2002).

**Sixth Affirmative Defense**

Plaintiff's damages, if any, should be reduced to the extent that she failed to mitigate her own damages. Defendant further invokes the doctrines of laches, waiver, estoppel and expiration of the applicable statute of limitations.

**Seventh Affirmative Defense**

Plaintiff's First Amended Complaint and all causes of action and claims asserted therein against this Defendant under state law are barred under the statutory exemptions from liability enumerated in Miss. Code Ann. §11-46-9(1), et seq. (Supp. 1999).

**Eighth Affirmative Defense**

Plaintiff's claims against this Defendant are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**Ninth Affirmative Defense**

Plaintiff's First Amended Complaint is barred by reason of the fact that at no time did Defendant breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff.

**Tenth Affirmative Defense**

Plaintiff is not entitled to a trial by jury as to any and all claims asserted against this Defendant under the laws of the State of Mississippi, in accordance with Miss. Code Ann. §11-46-13 (Supp. 1993).

**Eleventh Affirmative Defense**

Defendant invokes the apportionment provisions of Miss. Code Ann. §85-5-7 (2004), to the extent that those provisions are applicable to Plaintiff's claims and alleged causes of action, including the right to have Plaintiff's damages reduced to the extent third parties caused or contributed to the incident complained of by Plaintiff. Defendant further invokes the exclusivity provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1 (1993), et seq., as a bar to any financial responsibility on the part of this Defendant under, over and above any proportionate percentage of causal responsibility allocated by the Court to this Defendant by virtue of Miss. Code Ann. §85-5-7 (2004).

### Twelfth Affirmative Defense

There is no allegation that this Defendant acted in bad faith or with malicious purpose, or in a manner exhibiting a wanton and willful disregard of human rights or safety at the Cleveland School District. Defendant invokes the public duty doctrine.

### Thirteenth Affirmative Defense

To the extent the Plaintiff has failed to exhaust her administrative remedies with respect to any cause of action, those claims are procedurally barred.

### Fourteenth Affirmative Defense

Steven Craddock is immune from punitive damages under federal law, including 42 U.S.C. § 1983, and other applicable statutes. Miss. Code Ann. § 11-46-11, et seq., bars punitive damages under state law. Alternatively, any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### Fifteenth Affirmative Defense

To the extent the Plaintiff has stated claims against Steven Craddock in his official capacity, those claims are redundant and should be dismissed.

### Sixteenth Affirmative Defense

Defendant Steven Craddock, in his individual capacity, is immune from suit and judgment by virtue of qualified immunity. Steven Craddock gives notice of his intent to file a separate motion for qualified immunity.

### Seventeenth Affirmative Defense

Defendant hereby gives notice that he intends to rely upon such other and further defenses which may become available or apparent during the litigation of this action, and reserve

the right to amend his Answer and Affirmative Defenses to assert any such amended answers or affirmative defenses.

### Eighteenth Affirmative Defense

Because discovery is ongoing, Steven Craddock reserves the right to assert any additional defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

**AND, NOW,** having provided his Affirmative Defenses, and without waiving same, the Defendant Craddock answers the allegations of Plaintiff's First Amended Complaint as follows:

1. The allegations of Paragraph 1 of the First Amended Complaint call for a legal conclusion and therefore cannot be answered by Defendant. To the extent it can be answered, Defendant denies the allegations of Paragraph 1 of the First Amended Complaint.

2. Defendant admits this Court has jurisdiction over Plaintiff's claims and venue is proper.

3. Defendant admits that Jasmine Shepard was one of two valedictorians for the 2016 Cleveland High School year. Defendant denies the remainder of the allegation of Paragraph 3 of the First Amended Complaint.

4. The allegations in Paragraph 4 are not applicable to this Defendant. To the extent they are applicable, Defendant denies the allegations of Paragraph 4 of the First Amended Complaint.

5. Defendant admits that at the time of the allegation, May 2016, Defendant Craddock was the principal of Cleveland High School. Defendant is no longer principal. Defendant admits the remainder of the allegations in Paragraph 5 of the First Amended Complaint.

6. The allegations in Paragraph 6 of the First Amended Complaint are not applicable to this Defendant. To the extent they are applicable, Defendant denies the allegations of Paragraph 6 of the First Amended Complaint.

7. Defendant admits the allegations of Paragraph 7 of the First Amended Complaint.

8. Defendant admits the allegations of Paragraph 8 of the First Amended Complaint.

9. Defendant denies the allegations of Paragraph 9 of the First Amended Complaint.

10. Defendant denies the allegations of Paragraph 10 of the First Amended Complaint.

11. Defendant denies the allegations of Paragraph 11 of the First Amended Complaint.

12. Defendant admits Sherry Shepard lodged a complaint with the District regarding the award of co-valedictorian honors.

13. Defendant denies the allegations of Paragraph 13 of the First Amended Complaint.

14. Defendant denies the allegations of Paragraph 14 of the First Amended Complaint.

15. Defendant denies the allegations of Paragraph 15 of the First Amended Complaint.

16. Defendant denies the allegations of Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations of Paragraph 17 of the First Amended Complaint.

18. (mis-numbered as "17) Defendant denies the allegations of this Paragraph of the First Amended Complaint.

19. Defendant denies the allegations of the Paragraph which begins "WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS" and all of its subparts 1-5.

**NOW, THEREFORE,** having asserted his Affirmative Defenses and fully answered the allegations of the First Amended Complaint, Defendant denies that the Plaintiff is entitled to a judgment in any amount and respectfully demands judgment in his favor with all costs assessed against the Plaintiff. Defendant also pleads for Attorney's fees under 42 U.S.C §1983 and 42 U.S.C. §1988 to be paid to him by the Plaintiff as the claims brought by Plaintiff are without any

basis in fact. Section 1988 Attorney's fees are due to Defendant Craddock as the Plaintiff's actions are frivolous, unreasonable, and/or without foundation. *Kentucky v Graham*, 473 US 159, 165, n. 9, 105 S.Ct. 3099 (1985).

**RESPECTFULLY SUBMITTED** this the 1st day of February, 2018.

**CARR LAW FIRM**

By: */s/ Michael S. Carr*
Michael S. Carr, MS Bar No. 102138
Attorney for Defendant Steven Craddock

Of Counsel:

**CARR LAW FIRM**
301 W. Sunflower Rd, Suite D
P.O. Box 1749
Cleveland, MS 38732
Phone: (662) 441-1529
Fax: (662) 441-1530
Email: mcarr@carrlawpllc.com

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via electronic filing system and/or mailed via ECF, a true and correct copy of the above and foregoing to the following:

John S. Hooks
Jaime Dole
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Tel: 601-353-3234
Fax: 601-355-9708
John.hooks@arlaw.com
Jaime.Dole@arlaw.com
Counsel for Dr. Jacquelyn Thigpen

Jamie F. Jacks
P. O. Box 1209
Cleveland, Mississippi 38732
Telephone: (662) 843-6171
Facsimile: (662) 843-6176
jjacks@jplalaw.com
Counsel for Cleveland School District

Lisa Mishune Ross
LISA ROSS, ATTORNEY AT LAW
P.O. Box 11264
Jackson, MS 39283-1264
Tel: 601-981-7900
lross@lmrossatlaw.com
Counsel for Plaintiff

THIS, the 1st day of February, 2018.

<i>/s/ Michael S. Carr</i>
MICHAEL S. CARR, ESQ.