IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASMINE SHEPARD                                                                                    PLAINTIFF

V.                                                                                   NO. 4:17-CV-91-DMB-JMV

THE CLEVELAND SCHOOL DISTRICT;
STEVEN CRADDOCK, in his individual
capacity; and DR. JACQUELINE THIGPEN,
in her individual and official capacity                                                        DEFENDANTS

**ORDER**

Before the Court are Jasmine Shepard's motion to submit certain documents under seal and her motion for leave to file a response to the defendants' motions for summary judgment "outside of time."

**I**
**Relevant Procedural History**

On September 10, 2018, Jacqueline Thigpen and Steven Craddock each filed a motion for summary judgment.[1] After the Court granted a motion by the Cleveland School District to extend the dispositive motions deadline,[2] the Cleveland School District filed a motion for summary judgment on September 24, 2018.[3]

Shepard was granted two requested extensions to respond to the motions for summary judgment.[4] However, Shepard failed to respond to the summary judgment motions by the extended deadline of October 14, 2018.

---

[1] Docs. #125, #127.

[2] Doc. #129.

[3] Doc. #130.

[4] Docs. #133, #136.

On October 16, 2018, two days after her response deadline had expired, Shepard filed an initial response to all three motions for summary judgment—though styled as "Plaintiff's *Amended Response* in Opposition to Defendants' Motion for Summary Judgment"[5]—and numerous exhibits under separate docket entries.[6]

The next day, on October 17, 2018, Shepard filed numerous additional exhibits under separate docket entries,[7] a 27-page memorandum brief in response to Craddock's summary judgment motion,[8] and what appears to be a supplemental response to all the summary judgment motions—though styled as "Plaintiff's *Second Amended Response* in Opposition to Defendants' Motion for Summary Judgment."[9]

On October 18, 2018, Shepard filed a document that, though designated as a memorandum brief on CM/ECF, is in substance a motion for leave "to file the responses to Defendants Motions

---

[5] Doc. #139 (emphasis added).

[6] *See* Docs. #137, #138, #140, #141, #142. These filings violate the Court's Local Rule 7(b)(2), which requires that: (1) "[a]ll supporting exhibits … be denominated in the court's electronic filing system by both an exhibit letter or number and a meaningful description;" and (2) "all supporting exhibits not already of record and cited in [a] response … by docket entry, … be filed under the same docket entry and denominated separately in the court's electronic filing system as exhibits to the … response … unless doing so is not practicable …" Each of these docket entries, which are not filed under the docket entry for the response to which they relate and are unidentified on the docket, contain a document labeled as an exhibit but not described as mandated by Local Rule 7(b)(2). Further, Shepard filed as attachments to each exhibit *additional separate exhibits*. Specifically, Document #137 is labeled "Exhibit 9" and includes attachments labeled as Exhibits 10–24, some of which do not include the exhibit number in the exhibit description. Similarly, Document #138 is labeled "Exhibit 28" and includes attachments labeled as Exhibits 29–37; Document #140 is labeled "Exhibit 4" and includes attachments labeled as Exhibits 4–9; Document #141 is labeled "Exhibit 10" and includes attachments labeled as Exhibits 10–15; and Document #142 is labeled "Exhibit 17" and includes attachments labeled as Exhibits 18–24.

[7] *See* Docs. #143, #144, #145, #146, #147, #148, #149. Like Shepard's exhibit filings on October 16, these exhibits—which are separate from the response to which they relate and which, in some instances, are unlabeled—violate Local Rule 7(b)(2). Document #143 is labeled "Exhibit 25" and includes an attachment labeled as Exhibit 25; Document #144 is labeled "Exhibit 26" and includes attachments labeled as Exhibits 28 and 26; Document #145, unlabeled, includes attachments labeled as Exhibits 27 and 28; Document #146 is labeled "Exhibit 29" and includes attachments labeled as Exhibits 30–33; Document #147, unlabeled, includes attachments labeled as Exhibits 34–40; Document #148 is labeled "Exhibit 41" and includes attachments labeled as Exhibits 42–51; and Document #149 is labeled "Exhibit 52" and includes attachments labeled as Exhibits 52–57.

[8] Doc. #150.

[9] Doc. #151 (emphasis added).

for Summary Judgment and Memorandums in Support in Opposition to Defendants' Motions for Summary Judgment outside of time."[10] The document, which erroneously notes that Shepard filed a response to Craddock's motion on October 16, 2018,[11] includes as an attachment a 31-page memorandum brief in response to the summary judgment motion of Thigpen in her individual capacity.[12] Additionally, in the document, Shepard "requests leave to file her response to her Memorandum in Opposition to the Cleveland School District's Motion for Summary Judgment no later than October 20, 2018."[13]

The following day, on October 19, 2018, Shepard filed a motion to submit seven documents under seal.[14] On October 20, 2018, Shepard filed a 33-page memorandum brief in opposition to the Cleveland School District's summary judgment motion and to the motion for summary judgment of Thigpen in her official capacity.[15] The same day, Shepard filed a motion for leave to file a response to the motions for summary judgment "outside of time,"[16] which is a duplicate of the motion for leave she filed on October 18, and which includes as an attachment the 33-page memorandum brief she filed earlier that day.[17]

On October 22, 2018, Craddock filed a reply in support of his summary judgment motion[18] and Thigpen filed a response opposing Shepard's October 18 motion for leave.[19] In her response,

---

[10] Doc. #152.

[11] The response to Craddock's motion was filed on October 17, 2018. Doc. #150.

[12] Doc. #152-1.

[13] Doc. #152 at 2.

[14] Doc. #153.

[15] Doc. #154.

[16] Doc. #155.

[17] Doc. #155-1.

[18] Doc. #156.

[19] Doc. #157.

3

Thigpen requests that "if the Court allows Plaintiff to file her response outside of time … the Court clarify that [her] time to file a rebuttal in support of her motion [for summary judgment] will not begin to run until Plaintiff's response is properly filed on the docket."[20] A week later, the Cleveland School District filed a reply in support of its motion for summary judgment.[21]

## II
## Analysis

### A. Motion for Leave to File "Outside of Time"

In her motion for leave,[22] Shepard represents that she failed to file responses to the motions for summary judgment by the October 14, 2018, deadline due to her counsel's "health concerns and her need to adequately brief the issues raised by the defendants in their motions." Doc. #152 at 2.

Federal Rule of Civil Procedure 6(b)(1)(A) provides that, "for good cause," a court may extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.").[23]

---

[20] Doc. #157 at 2. Because Thigpen may not seek such relief in a response to a motion, her alternative request—which effectively seeks an extension to reply—is denied. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document.").

[21] Doc. #161.

[22] Shepard filed two identical motions for leave—one on October 18, 2018, Doc. #152, and the other on October 20, 2018, Doc. #155. Because the former contemplated the filing of the latter, the Court will cite to the earlier document.

[23] None of the parties correctly identify the proper procedural rule upon which to evaluate a motion for leave to file a document after a deadline has expired. Shepard's motion for leave does not cite any procedural rule; Craddock's reply, which includes an argument that Shepard's response to his motion was untimely, cites Federal Rule of Civil Procedure 15 and Local Rule 7, *see* Doc. #156 at 1–2; and Thigpen's response cites Federal Rule of Civil Procedure 16, *see* Doc. #157 at 2.

Excusable neglect is an "elastic concept" and its determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993). Relevant factors to the excusable neglect inquiry include "the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alterations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x. 442, 443–44 (5th Cir. 2010).

Craddock[24] and Thigpen, by merely asserting that Shepard's untimely response has delayed resolution of this matter (which is attendant to all such motions), have not demonstrated that they have been prejudiced. Of course, they may face "the prejudice of being deprived of better odds at prevailing on summary judgment. However, that is not a sufficient basis to deny Plaintiff's request." *Vanorden v. Bannock Cty.*, No. 4:14-CV-00303, 2015 WL 2193803, at *2 (D. Idaho May 11, 2015). Accordingly, the first *Pioneer* factor weighs in favor of excusable neglect.

Regarding the second *Pioneer* factor, a delay of three to six days is not significant considering the stage of this case. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850

---

[24] Craddock argues that "though Plaintiff has moved out of time to file her Response to Defendant Cleveland School District and Defendant Jaquelyn Thigpen, Plaintiff has never moved out of time … to file her Response to Steven Craddock's Motion for Summary Judgment." Doc. #156 at 1. Craddock is correct that Shepard's motion for leave to file outside of time is not linked to his summary judgment motion on the docket. However, given the docketing issues plaguing Shepard's filings as a whole, the docket links are not conclusive; rather, the text of the motion controls. Considering the motion in its entirety, it appears Shepard intended it to apply to all defendants, including Craddock, as Craddock is explicitly mentioned in the motion. *See* Doc. #152 at 3 ("Plaintiff's response to Craddock's motion was filed … outside of time"). Moreover, the requested relief refers to the defendants generally. *Id.* at 3 ("undersigned counsel respectfully requests ... that this Court will accept Plaintiff's Responses to the Defendants' Motions for Summary Judgment and Memorandums in Opposition to Defendants [sic] Motions for Summary Judgment outside of time"). Thus, Craddock's argument is unavailing.

(11th Cir. 1996) (nonmovant not prejudiced by six-day delay). Thus, consideration of the 33-page memorandum brief filed six days after the deadline, as well as the 27-page and 31-page memorandum briefs filed three and four days after the deadline, respectively, would be permissible.

As for the fourth *Pioneer* factor, the defendants do not point to any bad faith conduct—and the Court is aware of none—on the part of Shepard's counsel. Moreover, the Court notes that Shepard recently moved for an extension within time on grounds that she has been delayed in obtaining essential evidence for her response to the defendants' motions for summary judgment—which suggests she seeks additional time not for the purpose of delay but rather to adequately respond to the summary judgment arguments with evidence. *See* Doc. #135 at 2.

"[M]edical problems, suffered by an attorney or his close family, may amount to excusable neglect." *Crespin v. City of Espanola*, No. CIV 11-0913, 2013 WL 2284958, at *9 (D.N.M. May 10, 2013).[25] Shepard represents that her counsel "did not file Plaintiff's Responses to the Motions for Summary [sic] by October 14, 2018 because [her counsel] had not completed her responses to the motions due in part to health issues."[26] Doc. #152 at 2. Based on this representation, the Court accepts Shepard's excuse that her counsel's health issues prevented her, at least in part, from timely filing Shepard's responses. The third *Pioneer* factor thus weighs slightly in favor of a finding of excusable neglect.

---

[25] *See Ledet v. Ferraro*, No. A-07-CA-003, 2007 WL 9710296, at *1 (W.D. Tex. Oct. 4, 2007) (accepting response filed three days late due to pro se plaintiff's medical emergency because defendants failed to demonstrate prejudice or that delay was made in bad faith); *cf. Peche v. Keller*, No. 1:11-cv-362, 2012 WL 2128095, at *8–9 (M.D.N.C. June 12, 2012) (finding third factor weighed against movant where medical problems caused a "work overload" which, in turn, caused the attorney to miss the deadline, though ultimately finding excusable neglect because other three factors strongly supported such).

[26] Shepard's counsel mailed medical records to the Court to support her claim of medical issues. However, because Shepard's counsel represented that she did not copy opposing counsel on these medical records, the Court has not considered them. Counsel shall not submit documents pertinent to a motion only to the Court without copying opposing counsel. In any event, this Court has not yet required a party's attorney to provide medical records to substantiate a representation of health problems.

Here, the first, second, and fourth *Pioneer* factors weigh in Shepard's favor, and the third, most significant factor, weighs slightly in her favor. All considered, the Court concludes that Shepard has met her burden of demonstrating excusable neglect.

Having concluded that Shepard has met the excusable neglect standard such that her motion for leave is granted, the Court must determine which of her various filings of record should be deemed timely filed and considered by the Court in evaluating the summary judgment issues. Upon review of all responses and memorandum briefs filed by Shepard, the Court will deem as timely filed: (1) Shepard's October 16 response, Doc. #139; (2) the supplement to her response, Doc. #151; (3) Shepard's memorandum brief opposing Craddock's summary judgment motion, Doc. #150; (4) Shepard's memorandum brief opposing the Cleveland School District's summary judgment motion, Doc. #154; and (5) all associated exhibits. However, because Shepard's memorandum brief opposing Thigpen's summary judgment motion on the individual capacity claims is now only an exhibit to her motion for leave and not formally filed on the docket, *see* Doc. #152-1, Shepard must file it as a separately denominated docket entry.

The manner in which filed Shepard filed her exhibits, however, has left the summary judgment record in a confusing mess, to say the least, particularly when considered in the context of the multiple responses and memorandum briefs she filed, some of which were also filed in an incorrect and confusing manner. Among other things, most of her exhibits are not filed in numerical order, are filed as attachments to an exhibit, and otherwise violate the procedural filing requirements imposed by the Court's local rules.[27] Because the Court declines to wade through this disarray in order to evaluate Shepard's arguments on the summary judgment issues, the Court

---

[27] *See* notes 6 and 7, *supra*.

will require Shepard to re-file her exhibits in numerical order and in compliance with the local rules. If Shepard fails to do so, all of her exhibits will be stricken without further notice.

### B. Motion to Submit Documents under Seal

Shepard "seeks permission to file [seven] exhibits … under seal because they contain sensitive student information, including but not limited to the identification number of dozens of students," specifically, Exhibits 13, 14, 15, 16, 20, 21, and 53. Doc. #153. Court records are presumptively in the public domain, and a party seeking to seal documents must comply with the procedure outlined in Local Rule 79(e). Because Shepard's motion to seal wholly fails to comply with Local Rule 79(e)'s requirements,[28] the motion will be denied. However, given the sensitive nature of the documents Shepard seeks to file under seal, the motion will be denied without prejudice with Shepard allowed the opportunity to renew it.

### III
### Conclusion

For the reasons above:

1. Shepard's motion for leave [155][29] is **GRANTED**. The Court deems as timely filed (1) Shepard's October 16 response, Doc. #139; (2) the supplement to her response, Doc. #151; (3) Shepard's memorandum brief opposing Craddock's summary judgment motion, Doc. #150; (4) Shepard's memorandum brief opposing the Cleveland School District's summary judgment motion, Doc. #154; and (5) all exhibits associated with each response. However, Shepard, no later than December 21, 2018, must re-file all of her exhibits in numerical order and in a manner that

---

[28] Among other things, Local Rule 79(e)(3) provides, in pertinent part, that "[a]ny motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order."

[29] As explained above, Document #155 is a duplicate of Document #152; however, only Document #155 is designated as a pending motion on the docket since Document #152 was filed under the incorrect CM/ECF designation.

fully complies with the Local Rules of this Court.[30]  Also by December 21, 2018, Shepard must file as a separate docket entry the memorandum brief opposing Thigpen's summary judgment motion which is now attached as an exhibit to her motion for leave, Doc. #152-1.  If Shepard fails to comply with this order, all of her exhibits and Document #152-1 will be stricken without further notice.[31]

2. Shepard's motion to seal [153] is **DENIED without prejudice**.  Shepard has through and until December 21, 2018, to renew her motion to seal in a manner than complies with Local Rule 79.

**SO ORDERED**, this 7th day of December, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[30] The Court is mindful that some of Shepard's exhibits were the subject of her motion to seal.  To the extent Shepard renews her motion to seal and the issue of sealing such exhibits is not resolved before Shepard's deadline to re-file her exhibits, Shepard may file a one-page document in the place of each such exhibit indicating that it is subject to a pending motion to seal and/or will be conventionally filed.

[31] The Court reminds all counsel that "[a]ttorneys practicing before the district courts of Mississippi are charged with the responsibility of knowing the Local Rules … and may be sanctioned for failing to comply with them." L.U. Civ. R., Preamble (formatting omitted).  Shepard's counsel has repeatedly failed to comply with the Court's local rules regarding the filing of motions, exhibits, and memoranda, and is cautioned that future noncompliance with the local rules will subject her to the risk of sanctions.