IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASMINE SHEPARD                                                                                      PLAINTIFF

V.                                                                                NO. 4:17-CV-91-DMB-JMV

THE CLEVELAND SCHOOL DISTRICT;
STEVEN CRADDOCK, in his individual
capacity; and DR. JACQUELYN
THIGPEN, in her individual and official
capacity                                                                                             DEFENDANTS

## ORDER

Before the Court is the Cleveland School District's "Motion to Strike." Doc. #159.

## I
## Relevant Procedural History

On October 16, 2018, Jasmine Shepard filed numerous documents as exhibits to her response to the defendants' motions for summary judgment, including a *New York Times* article, a *Bolivar Commercial* article, and a *Washington Post* article.[1] Because Shepard incorrectly filed these and other exhibits, the Court ordered her to re-file them. Doc. #169 at 7–8. On December 21, 2018, Shepard re-filed the exhibits,[2] including the three newspaper articles. *See* Docs. #176-1 (*New York Times* article); #176-2 (*Bolivar Commercial* article); #179-2 (*Washington Post* article).

On October 29, 2018, the Cleveland School District filed a motion to strike the three newspaper articles and other matters in Shepard's summary judgment response and supporting memorandum brief. Doc. #159. Shepard responded to the motion on November 21, 2018.[3] Doc.

---

[1] Docs. #139-1, #139-2, #140-5.

[2] Docs. ##176–190.

[3] Shepard's response is untimely. Though she requested an extension until November 20, 2018, *see* Doc. #162, she filed nothing that day in response to the motion. The Court subsequently denied her motion for extension as moot.

#163. The School District replied on November 28, 2018. Doc. #164.

## II
## Discussion

The School District moves to strike from Shepard's responsive filings (1) the three newspaper articles; (2) certain quotes attributed to "the school board attorney;" (3) references to Jacqueline Thigpen as a "turncoat;" and (4) "repeated" references to *Cowan v. Cleveland School District*. Doc. #159 at 1–2.

### A. Newspaper Articles

The School District moves to strike the three newspaper articles as inadmissible hearsay. *See* Doc. #160 at 4. In response, Shepard argues that the Court should take judicial notice of all three articles, and that the *Bolivar Commercial* article should be admitted as "trustworthy, relevant and material …." Doc. #163 at 3.

#### *1. Judicial notice*

Shepard cites *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, 141 F. Supp. 3d 604, 645 n.34 (M.D. La. 2015), for the proposition that, pursuant to Federal Rule of Evidence 201(b), a court "may take judicial notice of public ally-available [sic] documents and transcripts produced by a state or federal agency which were matters of public records directly relevant to the issue at hand." Doc. #163 at 3. *Kliebert* concerned the admissibility of a bulletin published by the Centers for Medicare & Medicaid Services, a government agency. *See Kliebert*, 141 F. Supp. 3d at 611, 645–46. Shepard does not explain, nor does the Court see, how *Kliebert* applies to the admissibility of articles published by non-governmental entities such as *The New York Times*, *The Washington Post*, and *The Bolivar Commercial*. Under these circumstances, the Court declines to

---

Doc. #170. This order includes Shepard's arguments nonetheless since none of the arguments mentioned result in relief in her favor.

2

take judicial notice of the newspaper articles.

## 2. *Hearsay exception*

There is no dispute the newspaper articles are hearsay to the extent they are offered for the truth of the matter asserted. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Relying on *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388, 391–92 (5th Cir. 1986), Shepard argues that the *Bolivar Commercial* article is admissible as "trustworthy, relevant and material …." Doc. #163 at 3.

While Shepard's response does not cite a specific hearsay exception rule, the Court, based on her argument and authority cited, presumes she seeks admission of the *Bolivar Commercial* article under the residual exception to the hearsay rule set forth in Federal Rule of Evidence 807. Rule 807 provides for the admission of hearsay when (1) "the statement has … circumstantial guarantees of trustworthiness;" (2) "is offered as evidence of a material fact;" (3) "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) admission "will best serve the purposes of [the Federal Rules of Evidence] and the interests of justice."

In *Dallas County*, the court admitted into evidence at trial a 58-year-old newspaper article. 286 F.3d at 390. Though acknowledging that "a newspaper article is hearsay, and in almost all circumstances is inadmissible,"[4] the court explained:

> We hold, that in matters of local interest, when the fact in question is of such a public nature it would be generally known throughout the community, and *when the questioned fact occurred so long ago that the testimony of an eye-witness would probably be less trustworthy than a contemporary newspaper account*, a federal court … may relax the exclusionary rules to the extent of admitting the newspaper article in evidence. We do not characterize this newspaper as a 'business record', nor as an 'ancient document', nor as any other readily identifiable and happily tagged species of hearsay exception. It is admissible because it is *necessary* and

---

[4] 286 F.3d at 392 (footnote omitted).

3

> trustworthy, relevant and material, and its admission is within the trial judge's exercise of discretion ….

*Id.* at 387–98 (emphasis added).

Unlike the newspaper article in *Dallas County*, the *Bolivar Commercial* article was published in 2010, approximately nine years ago. Doc. #176-2 at 1. Nine years is not so long a period that "the testimony of an eye-witness would probably be less trustworthy than a contemporary newspaper account." *See* 286 F.3d at 397. Without the degree of necessity present in *Dallas County*, the *Bolivar Commercial* article is not "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." *See* Fed. R. Evid. 807(a)(3). Therefore, the residual hearsay exception does not apply.

*3. Summary*

Having rejected all of Shepard's arguments regarding the three newspaper articles, the newspaper articles will be stricken.

**B. Quoting School Board Attorney**

The School District moves to strike "*QUOTING THE SCHOOL BOARD ATTORNEY* outside the minutes, a pleading in this case or an oral statement to the Court in this case." Doc. #159 at 1. The School District does not provide any citations to the quotes it seeks to strike. It also fails to offer any explanation or argument as to this item beyond a generalized statement that "all of this evidence" is inadmissible hearsay. *See* Doc. #160 at 4; Doc. #164. The Court therefore declines to strike any such statements.

**C. Turncoat Reference**

The School District moves to strike Shepard's reference to Thigpen as a "turncoat," representing that such reference appears on page 21 of Shepard's memorandum in opposition to its motion for summary judgment. Doc. #159 at 1; Doc. #160 at 5. No such reference appears in

4

that document much less on the page the School District specifies. Because the reference does not exist in that document, the motion to strike will be denied in that regard.[5]

### D. *Cowan* References

Finally, the School District contends that "[a]rguments by [Shepard] attempting to allege *Cowan* [*v. Cleveland School District*, 2:65-cv-31 (N.D. Miss)] is material to the existence of a school board policy should be stricken[6] as irrelevant and immaterial" because "one constitutional violation does not make another."[7] Doc. #160 at 4–5. Shepard responds that, pursuant to Federal Rule of Evidence 201, this Court "may rely on findings that it made in the *Cowan* case as one of the issues in Cowan was the district's failure to provide equal educational opportunities to African-American students." Doc. #163 at 3.

Federal Rule of Evidence 201(b) permits a court to take judicial notice of an "adjudicative fact" if the fact "is not subject to reasonable dispute because it (1) is generally known within the

---

[5] There is a reference to Thigpen as a turncoat on page 21 of Shepard's memorandum in opposition to *Craddock's* motion for summary judgment. *See* Doc. #150 at 21 ("In fact after testifying that H.B. should not have received any quality points or a unit for the unapproved online Physics course, Thigpen turncoat [sic] and gave H.B. six quality points for Advanced Physics and one unit for the A she earned in the online Physics course."). To the extent the School District intended to request that this reference be stricken, the request would still be denied. The School District argues that referring to Thigpen as a turncoat is an inappropriate personal attack and "not competent summary judgment evidence." Doc. #160 at 5; *see* Doc. #164 at 5. But, it offers nothing to warrant striking the remark for those specific reasons beyond stating that "[o]nce the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue." Doc. #160 at 5 (citing *U.S. Fleet Servs. v. City of Fort Worth*, 141 F. Supp. 2d 631 (N.D. Tex. 2001)); *see* Doc. #164 at 5.

[6] The School District states in its motion that the references to *Cowan* are inadmissible hearsay. Doc. #159 at 2. However, its supporting memorandum does not mention or discuss any hearsay challenge to a *Cowan* reference. *See* Doc. #160 at 4–5. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir. 1997). Thus, any hearsay challenge to a reference to *Cowan* is deemed waived.

[7] The School District does not cite the so called "repeated references" to *Cowan* it seeks to strike. It points to only Shepard's assertion in her memorandum opposing its motion for summary judgment that "CSD had a policy of providing separate and unequal education to African-American students in its school district." Doc. #160 at 4 (citing Doc. #154 at 15). *Cowan* is not expressly mentioned by Shepard as to this assertion. Even if it was, there does not appear to be any "repeated references" to *Cowan* by Shepard since no other reference is mentioned by the School District.

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "A court may take judicial notice of 'a document filed in another court … to establish the fact of such litigation and related filings,' but generally cannot take notice of the findings of fact from other proceedings." *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829–30 (5th Cir. 1998)). The findings in *Cowan* to which Shepard refers are not "adjudicative facts" because they concern whether the School District failed to provide equal educational opportunities to its students;[8] thus, Shepard does not reference *Cowan* merely "to establish the fact of such litigation." Accordingly, to the extent Shepard's relies on *Cowan* for the reason stated in her response, such will be stricken.

### III
### Conclusion

The School District's motion to strike [159] is **GRANTED in Part and DENIED in Part.** The motion is GRANTED as to the three newspaper articles as well as Shepard's reference to *Cowan*. The motion is DENIED in all other respects.

**SO ORDERED**, this 16th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[8] *See Cowan*, 186 F. Supp. 3d at 607.