IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASMINE SHEPARD**                                                                           **PLAINTIFF**

**V.**                                                                                   **NO. 4:17-CV-91-DMB-JMV**

**THE CLEVELAND SCHOOL DISTRICT;**
**STEVEN CRADDOCK, in his individual**
**capacity; and DR. JACQUELINE THIGPEN,**
**in her individual and official capacity**                                              **DEFENDANTS**

### OPINION AND ORDER

Over twenty-two months after this Court granted summary judgment for the defendants on Jasmine Shepard's claims challenging the naming of two co-valedictorians of Cleveland High School's 2016 graduating class, Shepard moved to vacate the judgment based on the defense attorneys' alleged fraud on the court. Because Shepard has not presented clear and convincing evidence to support her fraud allegations, her motion will be denied.

### I
### Procedural History

On January 18, 2018, Jasmine Shepard, one of two co-valedictorians of Cleveland High School's 2016 graduating class, filed an amended complaint[1] against the Cleveland School District; Steven Craddock, principal of Cleveland High School, in his individual and official capacities; and Jacqueline Thigpen, superintendent of the Cleveland School District, in her individual and official capacities, "seek[ing] monetary damages as a result of Cleveland High School failing to follow the established policies and procedures for selecting a valedictorian." Doc. #37 at 1–2. Asserting claims under 42 U.S.C. § 1983, Shepard alleged her rights under the

---

[1] This case was originally commenced by Sherry Shepard on Jasmine's behalf. Doc. #1. Sherry's subsequent motion to amend the complaint to list Jasmine as the plaintiff, Doc. #35, was granted by text order on January 17, 2018.

Fourteenth Amendment's Equal Protection Clause and Due Process Clause were violated. *Id.* at 1, 5.

Each defendant separately moved for summary judgment. Docs. #125, #127, #130. The Court entered a single order disposing of all summary judgment motions on September 30, 2019. Doc. #215. As to the individual capacity claims against Thigpen and Craddock, the Court found Shepard failed to offer any evidence that either was directly involved in the actions she alleged were a violation of her rights[2] or acted with deliberate indifference to alleged violations of her rights by another School District employee. *Id.* at 10–13. As to each of Shepard's official capacity claims, the Court found Shepard failed to establish that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right" as required for municipal liability. *Id.* at 14–21. Accordingly, the Court granted summary judgment in favor of the defendants on all of Shepard's claims. *Id.* at 22. A corresponding final judgment dismissing the case with prejudice was entered the same day. Doc. #216.

On October 28, 2019, Shepard docketed as a motion "Jasmine Shepard's Memorandum in Support of Her Motion to Relief from the Judgment" and three associated exhibits. Docs. #217, #218. The Court construed the memorandum as a motion for reconsideration and denied it for failure to comply with the Local Rules. Doc. #229. Shepard timely filed a notice of appeal. Doc. #230. The Fifth Circuit affirmed the Court's summary judgment decision on September 25, 2020. Doc. #233.

Over ten months following the Fifth Circuit's affirmance, Shepard filed on August 9, 2021, "Jasmine Shepard's Motion to Vacate Judgments" based on her assertion that defense counsel

---

[2] Specifically, the Court found there was no evidence Thigpen or Craddock were personally involved in awarding Shepard rank points, failing to notify her of online courses, or placing her in a specific class. Doc. #215 at 11–13.

"committed fraud on the court to obtain the September 30, 2019 and September 25, 2020 judgments." Doc. #234 at 1. The motion to vacate is fully briefed. Docs. #235, #236, #237, #238, #240. Because Shepard's memorandums in support of the motion to vacate together exceed the page limit imposed by the Local Rules, Shepard filed a motion to exceed the page limit by six pages. Doc. #239. The motion for excess pages is unopposed. *Id.* at 2.

## II
## Motion for Excess Pages

As cause to exceed the page limit imposed by the Local Rules, Shepard submits that her initial memorandum "utilized 23 of the 35 pages permitted;" the three defendants filed separate responses to the motion; and "[i]n order to adequately respond to arguments raised by each of the defendants, [she] need [sic] more than nine pages." Doc. #239.

Local Rule 7(b)(5) provides that a movant's "original and rebuttal memorandum briefs together may not exceed a total of thirty-five pages" and that a "respondent's memorandum brief may not exceed thirty-five pages." "Page limitations are important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted). Accordingly, leave to exceed a page limitation "should only be sought in exceptional circumstances." *Id.*

Here, the defendants' separate responses are each under the page limit imposed by the Local Rules but together total thirty-nine pages. *See* Docs. #236, #237, #238. Rather than file a separate reply to each response, Shepard filed a single consolidated reply, which with her original memorandum totals forty substantive pages. Docs. #235, #240. Because in this instance Shepard's

3

decision to address the responses in a single filing accomplishes the purpose of avoiding excessive verbiage, the motion for excess pages is granted.

### III
### Rule 60 Motion

Shepard filed her motion to vacate "pursuant to Rule 60(d)(1) and (3) on the ground that counsel for [the defendants] committed fraud on the court to obtain the September 30, 2019 and September 25, 2020 judgments." Doc. #234 at 1. Shepard argues the defense attorneys committed fraud when they "submitted an excerpt from the 2014-2015 student handbook and argued that the procedure for the selection of valedictorian found in the 2014-2015 student handbook governed the selection of valedictorian for the 2016 graduating class of Cleveland High School." Doc. #235 at 2. Specifically, Shepard contends that (1) Michael Carr, Craddock's attorney, "labelled the excerpt from the 2014-2015 handbook as '2015-2016 Handbook re Tie Policy'" and "elicited false testimony from Thigpen" when he asked her if the written policy in 2015-2016 allowed for more than one valedictorian and Thigpen responded "yes," *id.* at 2, 5; (2) Jamie Jacks, an attorney for the School District, also submitted the 2014-2015 policy as "Exhibit H – 2016 Handbook," *id.* at 5; and (3) although John Hooks, an attorney for Thigpen, correctly identified the 2014-2015 handbook, he incorrectly relied on the handbook to support his argument that the "student handbook explicitly permits more than one valedictorian," *id.* at 6.[3] As relief,

---

[3] Shepard previously raised arguments regarding the handbook before both this Court and the Fifth Circuit. In her motion for reconsideration before this Court, under the heading "The Court's September 30, 2019 Order Contains Numerous Record Citation Errors," Shepard asserted that "[t]he procedure cited by the Court on page 2 and 3 of her Opinion was taken from the 2014-2015 Student Handbook. The tie-breaking policy referenced by the Court has no relevance in this matter as it was not in the 2015-2016 Handbook that governed the selection of valedictorian in May of 2016." Doc. #217 at 15–16. But because the Court denied Shepard's motion for failure to comply with the Local Rules, it did not consider its substance. Doc. #229.

In her Fifth Circuit reply brief, Shepard argued that "[t]he School District's 2015-2016 Curriculum Guide and Student Handbook did not contain a tie-breaker policy. The tie-breaking policy cited by the district court is found in the 2014-2015 Curriculum Guide and the Student Handbook." Doc. #234-3 at PageID 4618. The Fifth Circuit's September

> Shepard prays that this Court will reopen this case; set aside the September 30, 2019 and September 25, 2020 judgments on the ground that seven officers of the court lied to this court and the Fifth Circuit and to this day have remained mum about their misconduct; allow a jury to determine all of Shepard's claims against the defendants; require defense counsel to disgorge all fees they received in representing Thigpen, Craddock, and [the School District]; award attorney fees and costs Shepard's attorney incurred in bringing this matter to the Court's attention; report defense counsel to the Mississippi Bar Association; refer defense counsel to the Office of United States Attorney and/or in the alternative enter a judgment against the defendants on all of Shepard's claims and/or grant such other relief as may be appropriate under the premises.

Doc. #235 at 25.[4]

The defendants each filed a response. In her response, Thigpen argues that (1) Shepard's motion should have been brought under Rule 60(b)(3) and because a "strict one-year deadline governs" motions under that rule, the Court should deny the motion as untimely; (2) Shepard has not alleged the requisite "egregious conduct" to proceed under Rule 60(d); (3) "the 'fraudulent' statements Shepard identifies have been raised multiple times in this Court and the Fifth Circuit" and Shepard "should not now be permitted to re-litigate this issue;" and (4) "neither Dr. Thigpen nor her counsel have misrepresented the facts" because they correctly identified the 2014-2015 handbook and the "applicability of this handbook was a legitimately disputed point[ b]ut it ultimately had no impact on the outcome of this case." Doc. #236 at 1–2.

The School District admits in its response that it "made a mistake in labeling Exhibit H" as the 2016 handbook when it was in fact the 2014-2015 handbook. Doc. #237 at PageID 4670. But it argues Shepard had both handbooks in her possession and "[t]o the extent there was any substantive argument to be made as to the 2014-2015 Handbook v. the 2015-2016 Handbook,

---

25, 2020, opinion did not address this argument. *See* Doc. #233-1. However, in a one-sentence order issued January 12, 2021, the Fifth Circuit denied without explanation Shepard's motion to vacate its opinion and judgment.

[4] To the extent Shepard asks this Court to set aside the Fifth Circuit's September 25, 2020, decision affirming this Court's summary judgment rulings, the request will not be considered for obvious reasons.

Shepard could have and should have made these points **three years ago** before this Court during the initial briefing or on appeal to the Fifth Circuit;" and "the issue of whether there could be a tie or not for valedictorian was not germane to this Court's judgment and the Fifth Circuit's affirmation of same."[5]  Doc. #237 at PageID 4670–71.

In his response to the motion to vacate, Craddock does not state a position on whether his counsel made a mistake[6] but argues that Shepard's motion is untimely and even if proper, her "new allegations of fraud are not material as to the grant of summary judgment to [him]."  Doc. #238.

In reply, Shepard points out that in Craddock's response, Carr "does not take a position as to whether he made a mistake or intentional misrepresentations to the Court when he attached an excerpt from the 2014-2015 handbook" and that neither Carr nor the School District's attorneys corrected the mistake or explained how the mistake occurred.  Doc. #240 at 2–4.

### A.  Relevant Law

Federal Rule of Civil Procedure 60(b)(3) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  A motion under this rule must be made "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).  However, Rule 60(d)(1) and (d)(3) provide, respectively, that "[t]his rule does not limit

---

[5] In addition to requesting dismissal of the motion to vacate, the School District argues that the Court "should award any and all other relief to the [School District] and its counsel that it deems proper, up to and including attorney's fees for their preparation of this response" and that "any reference to the race of counsel is wholly improper and should be stricken."  Doc. #237 at PageID 4671.  However, the Local Rules provide that "[a] response to a motion may not include a counter-motion in the same document."  L.U. Civ. R. 7(b)(3)(C).  Accordingly, the Court will not consider these requests.

[6] Craddock only states that even if the allegation that his counsel "submitted one version of the [School District's] handbook representing it was another" was true, "it does not affect this Court's September 30, 2019 Order granting summary judgment to [him]."  Doc. #238 at 3.  While the failure to deny the allegation does not change the outcome of the motion to vacate, it is still somewhat troubling that Carr, who both submitted the handbook at issue and signed Craddock's brief as his counsel, chose not to squarely deny Shepard's allegations.

a court's power to … entertain an independent action to relieve a party from a judgment, order, or proceeding … or [t]o set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3).

> "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court. It is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision."

*Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. 2021) (cleaned up) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978)). Fraud on the court must be shown by clear and convincing evidence. *Haskett v. Western Land Servs., Inc.*, 761 F. App'x 293, 297 (5th Cir. 2019).

### B. Analysis

Shepard relies on three exhibits to support her argument that the defense attorneys committed fraud on the court: (1) pictures of defense counsel; (2) Craddock's Fifth Circuit appellee brief drafted by Carr; and (3) her Fifth Circuit appellant reply brief. Docs. #234-1 to #234-3. Although Craddock's Fifth Circuit brief does contain argument based on the 2014-2015 handbook,[7] Shepard has produced no evidence to support her contention that use of the incorrect handbook by Craddock or the School District was part of a design or scheme to improperly influence the Court rather than a mistake. Similarly, she has not presented any evidence that Thigpen's reliance on the handbook—correctly identified as the 2014-2015 handbook—was part of a design or scheme to improperly influence the Court. And such conduct—producing and relying on the incorrect handbook—does not appear to rise to the level of egregious misconduct

---

[7] In his brief, Craddock argues that "[t]he school handbook explicitly permits more than one valedictorian. Shepard was never guaranteed she alone would obtain this honor. The handbook lacks the 'explicitly mandatory language' to giving rise to an entitlement of constitutional magnitude." Doc. #234-2 at PageID 4592–93 (record cite omitted).

required to establish fraud on the court. *See Haskett*, 761 F. App'x at 297 ("It is a well-settled rule that the mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to fraud upon the court for purposes of vacating a judgment."); *see also Riley v. Wells Fargo Bank, N.A.*, 715 F. App'x 413, 414 (5th Cir. 2018) ("The alleged manufacturing and forgery of documents by the defendants [without proof of such] does not amount to fraud on the court within the meaning of Federal Rule of Civil Procedure 60(d)(3)."). Thus, Shepard has failed to carry her burden of establishing fraud on the court by any of the defendants' counsel.

Regardless, the mistake in labeling the 2014-2015 handbook did not affect this Court's summary judgment decision. Shepard is correct that the Court cited the 2014-2015 handbook in its order on the motions for summary judgment. Doc. #235 at 6; *see* Doc. #215 at 3. But in doing so, this Court relied on a copy of the handbook *submitted by Shepard*[8] and correctly labeled as the 2014-2015 handbook. *See* Doc. #215 at 3 (referencing Doc. #183-8). Because Shepard herself also submitted the 2014-2015 handbook, the Court rejects her argument that "[i]t is inconceivable that this Court would have listed the procedure from the 2014-2015 student handbook … had defense counsel not misled [the] Court[]." Doc. #235 at 22–23. And the language the Court quoted from the handbook regarding the tie policy was set forth as part of the factual background and had no bearing on the Court's conclusion that the defendants were entitled to summary judgment.

## IV
## Conclusion

Shepard's motion for excess pages [239] is **GRANTED**. Shepard's motion to vacate the judgment [234] is **DENIED**.

---

[8] Doc. #183-8.

**SO ORDERED**, this 14th day of February, 2022.

                                                                            **/s/Debra M. Brown**
                                                                            **UNITED STATES DISTRICT JUDGE**